IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RON DE ARMOND,

        **Plaintiff,**

        vs.                              CIV No. 00-0557 JP/RLP

**HALLIBURTON ENERGY**
**SERVICES, INC., a Delaware**
**corporation,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER OF REMAND

On May 26, 2000, Plaintiff filed his Opposed Motion to Amend Complaint (Doc. No. 6) and Motion to Remand (Doc. No. 9).  Under FED. R. CIV. P. 15(a) the Plaintiff seeks to amend his complaint to assert claims only under the New Mexico Human Rights Act, N.M.S.A., 1978 § 28-1-10 to §28-1-15 (1995) and to eliminate any claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) to § 2000(e)-17.  If the complaint is amended, the Plaintiff seeks to remand the proceedings to the Eleventh Judicial District Court, County of San Juan, State of New Mexico for lack of federal subject matter jurisdiction.

Rule 15(a) states in relevant part that "a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires."  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

1

amendment," leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of a motion to amend under Rule 15(a) is within the discretion of the trial court, although it is an abuse of discretion to deny a motion to amend without providing justification. *Id*. Having reviewed the motions and supporting authority, I conclude that Plaintiff's motion to amend his complaint is well taken and should be granted.

Accordingly, Plaintiff's only claims are state law claims. *See* Plaintiff's Second Proposed First Amended Complaint (attached to Plaintiff's Reply to Defendant's Response to Motion to Amend Complaint, filed June 29, 2000 (Doc. No. 11)). Generally, when federal claims are eliminated from a complaint, the federal court should decline the exercise of jurisdiction by dismissing the complaint without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966). However, a district court may alternately choose to remand an action to state court when the federal questions that originally formed the basis for removal are eliminated from the complaint. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988). In some cases, "a remand of a removed case involving pendant claims will better accommodate [the values of economy, convenience, fairness, and comity] than will dismissal of the case." *Id*. It is my opinion that this case is well-suited for remand. I find that it is in the interest of economy, convenience, fairness and comity to grant the Plaintiff's motion to remand.

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion to Amend Complaint, filed May 26, 2000 (Doc. No. 6) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand, filed May 26, 2000 (Doc. No. 9) is GRANTED and this case is remanded to the Eleventh Judicial District Court,

County of San Juan, State of New Mexico.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:	Hannah B. Best and Gail A. Heglund
	Albuquerque, New Mexico

Counsel for Defendant:	Stanley K. Kotovsky, Jr.
	Hinkle, Hensley, Shanor & Martin, LLP
	Albuquerque, New Mexico

	Robert L. Ivey
	Vinson & Elkins
	Houston, Texas